No. 14-1371

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| ROBERT L. WINSTON, | ) |
|     Plaintiff-Petitioner, | ) |
|         v. | ) Appeal from the United States |
| OFFICER O'BRIEN, Chicago Police Dept. Star #10634, OFFICER YATES, Star #11586, | ) District Court for the Northern ) District of Illinois, Eastern Division |
|     Defendants, | ) No. 10 C 8218 |
| and | ) The Honorable ) Elaine E. Bucklo, ) Judge Presiding |
| CITY OF CHICAGO, | ) |
|     Non-Party Respondent, | ) |

## JURISDICTIONAL MEMORANDUM

Non-Party Respondent-Appellant the CITY OF CHICAGO, by its attorney, Stephen R. Patton, submits the following jurisdictional statement pursuant to this court's order of February 26, 2014.

1.  Plaintiff Robert L. Winston filed a pro se complaint against former Mayor Richard Daley, former Police Superintendent Jody Weis, Officer O'Brien, and Officer Yates, alleging, pursuant to 42 U.S.C. § 1983 (2006), excessive force in the course of his arrest. R. 1. The City of Chicago was not a defendant. The district court dismissed Mayor Daley and Superintendent Weis. R. 5. The court later

appointed counsel to represent Winston at trial. R. 57. A jury returned a verdict for Winston and against Officer O'Brien only, in the amount of $1 in compensatory damages and $7500 in punitive damages, and the district court entered final judgment on the verdict on November 30, 2012. R. 87-89. The district court had jurisdiction over Winston's claims pursuant to 28 U.S.C. § 1331 (2006).

2. On June 13, 2013, the district court awarded Winston attorney's fees in the amount of $187,467. R. 116, 117. On August 5, 2013, Winston filed, pursuant to Fed. R. Civ. P. 69(a), a "Petition for Indemnification and Motion for Writ of Execution Against the City of Chicago," seeking to require the City to indemnify Officer O'Brien for the award of attorney's fees. R. 120. Winston asserted that the district court had jurisdiction over the petition as a post-judgment collection action under Rule 69(a). R. 120 (citing Fed. R. Civ. P. 69(a); <u>Yang v. City of Chicago</u>, 137 F.3d 522, 526 (7th Cir. 1998) (stating Rule 69 proceeding is within district court's ancillary jurisdiction)). An attorney for the City filed an appearance and responded to the petition. R. 123, 127. On October 17, 2013, the district court entered an order and corresponding minute order granting the petition. R. 132, 133.

3. On November 14, 2013, the City timely filed a notice of appeal from the district court's October 17, 2013 orders resolving Winston's petition against it. R. 134. That appeal was docketed as No. 13-3553 and is related to the present appeal.

4. On November 27, 2013, Winston filed a first supplemental fee petition

in the district court, R. 139, requesting additional fees, for work performed between January 3, 2013 and November 7, 2013, id. at 3, in the amount of $90,777, id. at 2. On January 29, 2014, the district court entered an order granting that petition. R. 150. On February 19, 2014, the City timely filed a notice of appeal from that order, R. 151, and this court has docketed the appeal as No. 14-1371. An award of attorney's fees is appealable separately from the underlying judgment on the merits. E.g., Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-203 (1988).

  5. In its order of February 26, 2014, this court questioned whether the district court's January 29, 2014 order granting Winston's supplemental fee petition was a final and appealable judgment, because the order did not state the amount of fees to be awarded. To be sure, it is well established that an award of attorney's fees that does not fix the amount of the award or specify a formula for calculation of the award is not a final judgment within the meaning of 28 U.S.C. § 1291. See, e.g., McCarter v. Retirement Plan for District Managers of American Family Ins. Group, 540 F.3d 649, 652-53 (7th Cir. 2008); Kokomo Tube Co. v. Dayton Equipment Services Co., 123 F.3d 616, 621 (7th Cir. 1997) (overruled on other grounds by McCarter, 540 F.3d at 653-54); Gilda Marx, Inc. v. Wildwood Exercise, Inc., 85 F.3d 675, 677 (D.C. Cir. 1996) (collecting cases). But here, the court granted, without exception, Winston's supplemental fee petition, which specifically requested $90,777 in fees. Because the order granted a request for a specific amount of fees, it implicitly quantified the fee award as the amount requested. Thus, stating the dollar amount in the order itself should not be a prerequisite to finality. We

accordingly submit that this court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 (2006).

                              Respectfully submitted,

                              STEPHEN R. PATTON
                              Corporation Counsel
                                of the City of Chicago

By:       _____
                              SARA K. HORNSTRA
                              Assistant Corporation Counsel
                              BENNA RUTH SOLOMON
                              Deputy Corporation Counsel
                              30 North LaSalle Street, Room 800
                              Chicago, Illinois 60602
                              312-744-4439/7764

## CERTIFICATE OF SERVICE

      The foregoing jurisdictional memorandum has been electronically filed on February 26, 2014. I certify that I have caused the foregoing to be served on all counsel of record via CM/ECF electronic notice on February 26, 2014.

                                             s/Sara K. Hornstra
                                             **SARA K. HORNSTRA**, Attorney